✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

NOV - 5 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
Bar No. 3041
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

JANENE TRUJILLO, an individual

Plaintiff,

vs.

ZIMMER, US, INC., a Delaware Corporation, SYNVASIVE TECHNOLOGY, a California Corporation, BIOMET ORTHOPEDICS, LLC, an Indiana Limited Liability Company, BIOMET, INC., an Indiana Corporation and DOES I-X inclusive,

Defendants.

ORDER

Civil Action No.: 3:19-cv-00056- MMD-CBC

**CASE MANAGEMENT REPORT**

***

The above named Plaintiff, JANENE TRUJILLO, by and through her undersigned Counsel, and the above named Defendants, ZIMMER, US, INC., SYNVASIVE TECHNOLOGY, BIOMET ORTHOPEDICS, LLC, BIOMET, INC., ("ZIMMER") by and through their undersigned Counsel, hereby submit their Case Management Report as follows:

1. **Brief Description of the Case**. Plaintiff had surgery for a right hip replacement allegedly using a Zimmer device. Plaintiff alleges that the hip implant was defective causing Plaintiff to begin to experience significant pain and suffering including cobalt poisoning leading to metallosis and other adverse physical effects. Plaintiff underwent a second surgery to remove and replace the hip



Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

implant. Claims of strict products liability, breach of implied warranty, breach of express warranty, negligence and negligent misrepresentation were brought by the Plaintiff. The allegations for strict products liability include defective design, manufacturing and/or material defect and failure to warn. Defendants have denied the material allegations and raised numerous affirmative defenses.

2. **Principal Factual and Legal Disputes**. At this time, it is anticipated that the factual issues relate Plaintiff's course of treatment, including her implant and revision surgeries, the sale and distribution of the subject hardware and the design and/or manufacturing process and materials used. The principal legal issues are anticipated to be the claims of strict products liability, breach or warranties, negligence based on allegations of defective design, manufacturing and/or materials, failure to warn and defenses to the same.

3. **Jurisdiction**. This matter was originally filed in the Second Judicial District Court and was removed by ZIMMER to this Court. Jurisdiction was premised upon diversity jurisdiction and amount in controversy exceeding $75,000.00 pursuant to 28 U.S.C.§ 1332.

4. **Unserved Parties**. None at this time.

5. **Additional Parties**. None are anticipated at this time.

6. **Contemplated Motions**. At this time, there are no contemplated motions. Plaintiff and ZIMMER anticipate moving for summary judgment on one or more causes of action or defenses at the appropriate time, however, other motions may be brought by either party dependent on discovery as well as other matters not anticipated at this time.

7. **Pending Motions**. There are no pending motions at this time.

8. **Related Cases**. The parties have no knowledge of any related cases pending at this time.

9. **Supplemental Discussion Necessary Discovery**.

a. The extent, nature, and location of discovery anticipated by the parties: The exact extent, nature and extent of discovery is unknown at this time other than the information provided in Section 13.

b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

of Civil Procedure and LR 26(1)(b): See Section 13.

c. The number of hours permitted for each deposition, unless extended by the parties: The parties initially agree that the maximum time for a deposition is seven (7) hours unless they agree to extend the time for any particular deposition given the circumstances.

10. **<u>Issues Relating to the Disclosure or Discovery of Electronically Stored Information ("ESI")</u>**. None known at this time.

11. **<u>Issues Related to Claims of Privilege or Work Product</u>**. None known at this time.

12. **<u>The Parties' Fed.R.Civ.P. 26(a)(3) Disclosures and Objections Thereto</u>**. The parties have agreed to exchange the disclosures by September 30, 2019. The parties have previously conducted their FRCP 26(f) meet and confer conference.

13. **<u>Discovery Plan and Scheduling Order</u>**. The deadlines set forth in the Stipulated Discovery Plan and Scheduling Order are more than the 180 day deadline provided by LR 26-1(e). The parties specifically request that the time deadlines set forth in LR 26-1(e) be extended. The discovery deadline has been set out on an extended basis to accommodate trial schedules of Counsel and extensive discovery involving technical products liability matters due to the nature of this case. The parties anticipate the need for several percipient and expert witnesses and their depositions, which may require travel, within the allotted time for discovery.

More specifically, ZIMMER anticipates that it will need to identify and retain experts to address alternative causation, as well as fact and expert witnesses qualified to evaluate Plaintiff's specific claims for damages. ZIMMER will also seek information, through written discovery and document requests, of Plaintiff's medical history, including, but not limited to, collection of her medical records, a laborious process that ZIMMER has already informally stated after conferring with Plaintiff's Counsel. Additionally, ZIMMER may seek to depose Plaintiff's treating physicians, in addition to her implanting and revising surgeons. ZIMMER requests the necessary time to complete these laborious case-specific discovery efforts.

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

A. **Information Request by FRCP 26(1).**

1. Given the nature of this case and the schedule of Counsel, pursuant to FRCP 26(a)(1)(C), the parties agree to extend and provide each other with the initial disclosures by September 30, 2019.

2. Discovery may be conducted on all discoverable matters relevant to issues raised by the Complaint, Answer, and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

3. No changes in limitations, other than those set forth below, set by either the Federal Rules of Civil Procedure or Local Rules for the District of Nevada are requested at this time.

4. No orders are requested to entered pursuant to FRCP 26(c), 16(b) or 16(c) at this time, other than those addressed in this Case Management Report or the Local Rules of this District.

B. **Discovery Cut-Off Date.**

1. Based on the reasons set forth above, the last day for non-expert discovery shall be April 30, 2020. The last day for expert discovery shall be September 30, 2020.

**Amending the Pleadings and Adding Parties.**

2. The last day to file a motion to amend the pleadings or to add parties shall ninety (90) days prior to the close of discovery. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order be served upon the new parties or parties.

**Experts.**

3. Pursuant to LR 26-1(b)(3), the last day for initial expert disclosures required by FRCP 26(a)(2) shall be May 29, 2020, and the last day for disclosures for rebuttal experts shall be July 30, 2020.

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel 775-825-2700
Fax 775-825-2755

**Dispositive Motions.**

4. The last day to file and serve dispositive motions shall be not later than thirty (30) days after the discovery cut-off.

**Pretrial Order.**

5. The last day to file a Joint Pretrial Order (including FRCP26(a)(3) disclosures and any objections thereto) shall be thirty (30) days after the last day to file and serve dispositive motions. In the even dispositive motions are filed, the last day to file the Joint Pretrial Order shall be suspended until thirty (30) days after the decision for dispositive motions have been entered.

C. **Additional Deadlines.**

1. Pursuant to LR 26-3, the last day to file the Interim State Report is June 30, 2020.

2. In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend the deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan;

(d) A proposed schedule for completing all discovery.

3. Discovery motions must be filed and heard before the applicable discovery cutoff date.



Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

"THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)", except for the "SPECIAL DISCOVERY SCHEDULING REQUESTED" for the reasons provided herein.

IT IS FURTHER ORDERED THAT THE TRIAL IS SET FOR__________, ______A.M., CALENDAR CALL IS SET FOR__________ A.M. in Reno Courtroom ___ before the Honorable Miranda M. Du.

**Alternative Dispute Resolution.**

14. Given the early stages of the case and that no discovery has yet been undertaken, no discussions for alternative dispute resolution have taken place. Therefore, prospects for settlement are unknown at this time.

**Jury Trial.**

15. A jury trial has yet to be requested. The parties certify that they have considered consent to trial by the Magistrate and use of the Short Trial Program.

DATED this 4th day of September, 2019.

/s/Steven F. Bus
STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511

Attorney for Plaintiff

/s/Theodore E. O'Reilly
THEODORE E. O'REILLY, ESQ.
Faegre Baker Daniels LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025

Attorney for Defendants

IT IS SO ORDERED.

United States Magistrate Judge

DATED: 9/11/5/2019



Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755